# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LLYOD THOMAS BYRD, JR.,** individually and on behalf of all others similarly situated | § § § § Docket No. 2:16-cv-201 § § **JURY TRIAL DEMANDED** § |
| Plaintiff, | |
| vs. | |
| **ADROIT FIELD SERVICES, LLC** | |
| Defendant. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Llyod Thomas Byrd, Jr. ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from Adroit Field Services, LLC ("Adroit" or "Defendant") for himself and all others similarly situated under the Fair Labor Standards Act ("FLSA"), Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111 *et seq.*, ("the Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code §4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts").

2. Plaintiff, and others workers like him, worked for Defendant performing largely technical and manual labor type job duties, typically worked in excess of 40 hours a week, and were employed in job positions such as Field Technicians, Hands, and/or Operators. In violation of the FLSA and Ohio Acts, Adroit failed to pay its employees overtime at the correct rates of pay. Specifically, Adroit paid its employees hourly but also paid job bonuses. These job bonuses were not included in the regular rate of pay for purposes of determining the correct overtime rate.

This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)-(d).

5. Defendant maintains business operations in various counties in Ohio and conducts a substantial amount of business this District.

## III. THE PARTIES

6. Lloyd Thomas Byrd, Jr., worked for Defendant performing technical and manual labor from approximately August 2014 to January 2016. He did not receive overtime compensation at the correct rate because his bonuses were not included in the overtime calculation. Plaintiff performed a substantial amount of worked for Defendant in Harrison County, Ohio. His consent to be a party plaintiff has been attached hereto as Exhibit A.

7. The nationwide class of similarly situated employees ("Putative Class Members") consists of:

> **ALL INDIVIDUALS EMPLOYED BY ADROIT IN THE PAST THREE YEARS WHO WORKED OVER FORTY HOURS A WEEK, WERE PAID HOURLY, AND RECEIVED BONUSES THAT WERE NOT INCLUDED IN THE OVERTIME CALCULATION**

8. Adroit Field Services, LLC is an Ohio Limited Liability Corporation doing business throughout the United States. Adroit Field Services, LLC may be served with process through its registered agent: Gregory S. Lucas at 2050 Reiser Ave. SE, New Philadelphia, OH 44663.

## IV. FACTS

9. Adroit is an oilfield service company that provides a variety of oil and gas related services, including blasting, hydro and nitro testing, and heavy equipment operations. http://www.afsliberty.com/index.html.

10. Adroit maintains two offices, one in New Philadelphia, Ohio and the other in Wysox, Pennsylvania.

11. Adroit performs significant operations through the Utica and Marcellus shale regions, which spans substantial portions of various states (Ohio, Pennsylvania, etc.).

12. To provide its services, Adroit employs numerous oilfield employees, like Plaintiff, who perform technical and manual labor related duties.

13. Adroit employs Plaintiff and the Putative Class Members in Ohio, including Harrison County, and other neighboring states.

14. All of these employees do not receive overtime at the correct rate because Defendant provides bonuses that it fails to include in the overtime calculation.

15. Further, these individuals makeup the proposed Putative Class. While exact job titles may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

16. Adroit denied Plaintiff overtime pay as a result of a widely applicable, illegal pay practice. Adroit applied this pay practice despite clear and controlling law that states that all remuneration must be included in the overtime calculation.

## V. CLASS AND COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Adroit imposed on Plaintiff were similarly imposed on the Putative Class Members.

18. Over one hundred (100) employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA and the Ohio Acts.

19. Numerous other employees who worked with Plaintiff have indicated they were paid in the same manner, performed similar work, and were not properly compensated at the right overtime rate for all hours worked as required by state and federal wage laws.

20. Based on his experiences and tenure with Adroit, Plaintiff is aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members.

21. The Putative Class Members all received job bonuses that were not included in the regular rate of pay for purposes of the determining the correct overtime rate.

22. Defendant's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members.

23. Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members.

24. The specific job titles or precise job locations of the various Putative Class Members do not prevent class or collective treatment.

25. Plaintiff has no interests contrary to, or in conflict with, the members of the FLSA Class or Ohio Class as defined below. Like each member of the proposed classes, Plaintiff has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

26. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

27. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Adroit will reap the unjust benefits of violating the FLSA and applicable state labor laws.

28. Furthermore, even if some of the Putative Class Members could afford individual litigation against Adroit, it would be unduly burdensome to the judicial system.

29. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

30. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

 (a) Whether Adroit employed Putative Class Members within the meaning of the applicable state and federal statutes, including FLSA and the Ohio Acts;

 (b) Whether Adroit properly calculated the regular rate of pay for the Putative Class Members;

 (c) Whether Adroit's decision to not include bonuses in the regular rate of pay calculation was made in good faith;

 (d) Whether Adroit's decision to not include bonuses in the regular rate of pay calculation was willful; and

 (e) Whether Adroit's decision to not include bonuses in the regular rate of pay calculation is due to a uniform pay practice.

31. Plaintiff's claims are typical of the Putative Class Member's claims. Plaintiff, the Putative Class Members with FLSA claims and the Putative Class Members with Ohio state law claims have sustained damages arising out of Adroit's illegal and uniform employment policy.

32. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

33. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## VI. COVERAGE UNDER THE FLSA

34. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

35. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

36. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

37. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## VII. FLSA VIOLATIONS

38. Adroit employed Plaintiff and each Putative Class Member.

39. All Putative Class Members are afforded the protections of the FLSA and therefore members of the FLSA Class.

40. During the limitations period, Adroit had a policy and practice of refusing to pay the FLSA Class overtime for hours worked in excess of 40 per week and the correct one and one half times the regular rate of pay. Defendant failed to included bonuses and extra compensation into the regular rate for purposes of determining the overtime rate.

41. Adroit's failure to pay Plaintiff and the FLSA Class overtime at rates not less than one and one-half times their regular rates is a violation of 29 U.S.C. § 207.

42. The foregoing conduct constitutes a willful violation of the FLSA. Due to Adroit's FLSA violations, Plaintiff and the FLSA Class are entitled to recover from Adroit their unpaid overtime compensation, an amount equal to their unpaid overtime compensation as liquidated damages, reasonable attorneys' fees, costs, and expenses of this action.

## VIII. VIOLATIONS OF THE OHIO ACTS

43. Plaintiff incorporates all preceding paragraphs.

44. The conduct alleged violates the Ohio Wage Acts and the OPPO.

45. At all relevant times, Adroit was subject to the requirements of the Ohio Wage Acts.

46. At all relevant times, Adroit employed Plaintiff and each Putative Class Member with Ohio state law claims, as an "employee" within the meaning of the Ohio Acts.

47. Putative Class Members who possess Ohio state law claims are members of the Ohio Class.

48. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." See O.R.C. § 4111.03(A); see also 29 U.S.C. § 207(a)(1).

49. As an employee for Defendant, Plaintiff and the Ohio Class worked in excess of the maximum weekly hours permitted under O.R.C. §4111.03, but were not paid overtime wages at one and one half times their regular rate of pay. Defendant failed to include the job bonuses in the regular rate calculation for purposes of determining the overtime rate.

50. Plaintiff and the Ohio class seek back wages, attorney fees, and costs from Defendant for violating the Ohio Wage Act.

51. The OPPA requires that the Defendant pay Plaintiff and the Ohio Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. See O.R.C. § 4113.15(A).

52. During all times material to this complaint, Plaintiff and the Ohio Class were not paid wages, either their regular rates, a minimum wage or overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. See O.R.C. §4113.15(B).

53. Plaintiff and the Ohio Class's unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## IX. RELIEF SOUGHT

54. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff, attorney fees, costs, and pre- and post-judgment at the highest rates allowed by law;

   b. For an Order pursuant to the Ohio Acts finding Defendant liable for unpaid back wages due to Plaintiff and all members of the Ohio Class, attorney fees, costs, penalties, and pre- and post-judgment at the highest rates allowed by law; and

   c. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**

*/s/Robert E. DeRose*
Robert E. DeRose, OH Bar No. 0055214
Robi J. Baishnab (OH Bar No. 0086195)
250 E. Broad Street, 10th Floor
Columbus, OH 43215
Telephone: (614) 221-4221
Facsimile: (614) 744-2300
Email: bderose@barkanmeizlish.com
rbaishnab@barkanmeizlish.com

***Local Counsel for Plaintiffs***

AND

Michael A. Josephson
Pennsylvania Bar No. 308410
Fed. Id. 27157
Texas Bar No. 24014780
(*Pending Pro Hac Vice*)
Andrew W. Dunlap
Fed Id. 1093163
Texas Bar No. 24078444
(*Pending Pro Hac Vice*)
Lindsay R. Itkin
Fed Id. 1458866
Texas Bar No. 24068647
(*Pending Pro Hac Vice*)
Jessica M. Bresler
Fed Id. 2459648
Texas Bar No. 24090008
*(pending pro hac vice)*
**FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com
jbresler@fibichlaw.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
Fed. Id. 21615
(*Pending Pro Hac Vice*)
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**